```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE

CHARLES WILSON,                      :
                                     :
              Plaintiff,             :
                                     :
    v.                               :  Civil Action No. 07-258-JJF
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,     :
                                     :
                                     :
              Defendant.             :
```

John S. Grady, Esquire of GRADY & HAMPTON, LLC, Dover, Delware.
Attorney for Plaintiff.

Colm F. Connolly, Esquire, United States Attorney, and Patricia
A. Stewart, Esquire, Special Assistant United States Attorney, of
the OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania.
Of Counsel: Michael McGaughran, Esquire, Regional Chief Counsel,
Region III, of the OFFICE OF THE REGIONAL CHIEF COUNSEL, SOCIAL
SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

                          **O P I N I O N**

December  9 , 2008
Wilmington, Delaware

Joseph J. Farnan
FARNAN, District Judge.

Pending before the Court is Plaintiff's Petition for Attorney's Fees Pursuant To The Social Security Act, 42 U.S.C. § 406(b) (D.I. 18). For the reasons discussed, the Court will grant the Petition in the amount requested by Plaintiff's counsel.

## I. BACKGROUND

A Petition for Attorney's Fees under 42 U.S.C. § 406(b) has been filed by John S. Grady, Esquire, counsel for Plaintiff, Charles Wilson, seeking fees in the amount of $21,958.13. Counsel represented Plaintiff in this action, brought pursuant to 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Following a Motion for Summary Judgment by Plaintiff, Defendant filed a Joint Motion to Remand for further administrative proceeding. (D.I. 12.) Upon remand, Plaintiff was awarded monthly payments and past due benefits totaling $87,832.53.

Following the Court's Order remanding this action, Plaintiff's counsel petitioned the Court for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142 (D.I. 15.), and was awarded fees in the amount of $3,078.00. (D.I. 15.) Subsequent to that award and pursuant to a contingent

1

fee agreement between counsel and Plaintiff, Plaintiff's counsel
is now seeking 25 percent of the past due benefits awarded to
Plaintiff. (D.I. 18.) Defendant does not dispute that
Plaintiff's counsel should be awarded attorney's fees. However,
Defendant contends that the fees sought by Plaintiff's counsel
are unreasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 797
(2002)(noting that the Commissioner of Social security has no
financial stake but plays a part in fee determination resembling
that of a trustee for claimants).

## II. PARTIES' CONTENTIONS

Plaintiff's counsel contends that he should be awarded
$21,958.13, a sum representing 25 percent of Plaintiff's past due
benefits of $87,832.53 for 19 hours of work on this case.
Plaintiff's counsel contends that it is not unreasonable for a
court to award a reasonable contingent fee of 25 percent of past
due benefits pursuant to 42 U.S.C. § 406(b) and to determine that
the federal government must reimburse Plaintiff for part of these
fees by calculating a fee at an hourly rate pursuant to the EAJA.
Plaintiff's counsel advises that if he is awarded the 25 percent
contingent fee he seeks, he will return the EAJA award of
$3,078.00 to Plaintiff. (D.I. 18 at 1.)

Plaintiff's counsel contends that attorneys will be
reluctant to take Social Security cases if the Social Security
Administration and the courts fail to understand and consider the

financial needs and motivation of attorneys in private practice who accept representation of persons allegedly denied benefits by the federal government. (D.I. 18-2 at 2.) Plaintiff's counsel argues that he has been representing claimants for more than 30 years and is entitled to fair and appropriate compensation for his work. (Id. at 1.) In his Petition, counsel also contends that compensation is not certain in every case and that over the last three years there has been a marked decrease in successful awards at the administrative law judge level, resulting in many appeals to the Appeals Council and to the United States District Court. (Id. at 3.)

In response, Defendant contends that the fee sought here by Plaintiff's counsel is unreasonable. Defendant contends that a downward adjustment is in order because the 25 percent contingent fee sought is excessive in comparison to the amount of time counsel spent on the case. By way of example, Defendant points out that Plaintiff's counsel worked 19 hours on this case but is seeking a fee in the amount of $21,958.23, resulting in an hourly rate of $1,155.69, which Defendant argues is unreasonable. (D.I. 19 at 4.) Defendant characterizes the requested fee as a "windfall" and requests the Court to reduce the fee awarded to between $7,600.00 and $11,400.00. (Id.)

In his reply, Plaintiff's counsel urges the Court to focus more on the results achieved by this litigation than on the hours

3

spent on the case. Plaintiff's counsel contends that the Court should include the time spent at the administrative level as part of its analysis, bringing the total time spent on the case to 29 hours (10 at the agency level and 19 before the Court). (D.I. 20 at 3.) Plaintiff's counsel points out that when the time at the administrative level is considered, the hourly rate is $757.00, an amount which is consistent with other cases awarding fees in the Third Circuit. Plaintiff's counsel suggests that the Court should approve the fee requested, understanding that counsel will refund Plaintiff the $3,087.00 EAJA award to Plaintiff and not make a request for attorney's fees at the administrative level.[1]

## III. STANDARD OF REVIEW

The Supreme Court has held that "§ 406(b) calls for court review of contingent fee arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. 42 U.S.C § 406(b)(1)(A).

In relevant part, 42 U.S.C. § 406(b) states:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and

---

[1]     By letter (D.I. 21) dated September 19, 2008, Plaintiff's counsel alerted the Court that he will be filing an administrative request for fees before the Social Security Administration, to preserve his filing rights in light of certain time limits on such administrative applications.

allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits.

Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable considering the services rendered. Gisbrecht, 535 U.S. at 807. Courts have reduced attorney's fees based on the character of the representation and the results achieved. Id. at 808. A downward adjustment in attorney's fees is warranted where (1) the attorney is responsible for delay, or (2) the benefits are large in comparison to the amount of time counsel spent on the case. Id.

## IV. DISCUSSION

In determining whether the fees requested are reasonable in this case, the Court focuses, as a threshold matter, on the disputed issue of whether administrative time should be considered. Whether the Court may consider time an attorney spent at the administrative level in determining the reasonableness of a petition for fees under § 406(b) is an area of much debate. Prior to Gisbrecht, courts used the "lodestar" approach to determine the reasonableness of fee requests. Cobb v. Chater, 1995 U.S. Dist. LEXIS 8693, No. 90-7699, 3 (E.D. Pa. June 22, 1995). Until recently, district courts in the Third Circuit could not consider the award of fees for time spent at the administrative level. Id. However, as one district court noted, "the Gisbrecht opinion has caused a seismic shift in the

5

manner in which attorney's fees are to be awarded." <u>Henshaw v.</u> <u>Barnhart</u>, 317 F. Supp. 2d 657, 662 (W.D. Va. 2004).

In <u>Gisbrecht</u>, the Supreme Court, held that § 406(b) does not displace contingent fee arrangements. <u>Gisbrecht</u>, 535 at 807. In so holding, the Supreme Court noted that the lodestar method "holds sway in federal-court adjudication of disputes over fees . . . shifted to the losing party," but in claims under §406(b) "fee shifting to the losing party is not at issue." <u>Id</u>. at 802. The Supreme Court also held that § 406(b) does not displace contingent fee arrangements, and those arrangements should be consulted first and then tested for reasonableness under § 406(b) as an independent check. <u>Id</u>. at 808.

In the wake of <u>Gisbrecht</u>, district courts have taken various approaches in determining the reasonableness of requested attorney's fees. In the Third Circuit, one district court considered the following factors in determining the reasonableness of attorney's fees: (1) the EAJA hourly rate previously requested; (2) the size of the reward in relation to the time spent on the case; (3) whether counsel was responsible for any unreasonable delays in the proceedings; (4) the reason for contingent fees and the fact they are permitted; and (5) the experience of counsel and the risk of nonrecovery. <u>Perez v.</u> <u>Barnhart</u>, No. 02-3779, 2006 WL 781899, 3-4 (E.D. Pa. March 23, 2006)(reducing a fee request of $20,563.50 for 17.2 hours of work

to \$13,932.00). Another approach taken by a district court for the Western District of Texas considered the contingent fee itself, the time spent on the case by the attorney, the result achieved, and the risk of nonrecovery in making its determination. Van Nostrand v. Barnhart, 2005 U.S. Dist. LEXIS 9618 at 10, 2005 WL 1168428, 9-10 (W.D. Tex. May 12, 2005).  In considering these factors, the Texas court held that a reasonable fee was an amount equal to 2.5 times counsel's normal hourly rate. Id.

Among the various approaches to determining the reasonableness of a fee request, there has been substantial disagreement over whether time spent at the administrative level is a relevant factor to consider in connection with § 406(b) petitions.  Some courts have held that time spent at the administrative level should not be considered when reviewing a § 406 petition, while other courts have considered it to be a relevant factor.[2]

---

[2]     Compare Brown v. Barnhart, 270 F. Supp. 2d 769 (W.D. Va. 2003) (holding the law prohibits consideration of work done at agency level) and Roark v. Barnhart, 221 F. Supp. 2d 1020 (W.D. Mo. 2002) (declining to consider time spent before the agency in making its fee determination) with Thompson v. Barnhart, 240 F. Supp. 2d 562 (W.D. Va. 2003) (contingent fees represent the sum total of all of counsel's efforts up to the point of achieving the result), Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (considering time spent at agency level), Hussar-Nelson v. Barnhart, 2002 U.S. Dist. LEXIS 22832, No. 99-C-0987, 2002 WL 31664488 (N.D. Ill. Nov. 22 2002) (discussing time spent before the agency in making fee determination).

In addition, few circuit courts have addressed the issue since the Gisbrecht decision.  In Mudd v. Barnhart,418 F.3d 424, 428-29 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit affirmed the decision of the district court, holding that time spent before an agency was appropriately considered "insofar as it gave the district court a better understanding of factors relevant to its reasonableness inquiry." However, the Fourth Circuit recognized that attorney's fees should only be awarded for court-related work, even though time before the agency was considered as a factor in the district court's reasonableness determination.  In a slightly different, but related inquiry, the Courts of Appeals for the Tenth and Ninth Circuits have expressly concluded that the fee cap described in § 406(b) applies only to an award of fees for representation in court and does not apply to fees for representing the claimant in administrative proceedings.  See Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008); Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 936 (10th Cir. 2008).  Since the Gisbrecht decision, the Third Circuit has not addressed the issue.

The authority to award attorney's fees in § 406 is divided into two subparts.  Section 406(a) provides that whenever there is a claim for benefits before the Commissioner, the Commissioner makes a favorable determination for the claimant, and the

claimant was represented by an attorney, the Commissioner shall
fix a reasonable fee to compensate an attorney for services
rendered in connection with such claim. In contrast, Section
406(b)(1)(A) provides "[w]henever a court renders a judgment
favorable to a claimant . . . who was represented before the
court by an attorney, the court may determine and allow . . . a
reasonable fee for such representation." The term "such
representation" is, in the Court's view, a clear reference back
to the only type of representation discussed in §406(b), which is
representation before a court.

        Given this statutory scheme, which the Court concludes
clearly and unambiguously separates fees awarded for
representation before a court from those awarded for
representation before an administrative agency, the Court
concludes that time spent by a claimant's counsel before the
administrative agency should not be considered in determining the
reasonableness of a § 406(b) fee petition. Thus, the Court will
consider the reasonableness of the instant fee request as it
pertains to court related work.

        Plaintiff's counsel requests $21,958.23 in attorney's fees.
Taking into consideration the amount of time spent on the case,
the result achieved, the experience of counsel, the nature of
contingent fees and the risk of non-recovery, and counsel's
typical hourly rate, the Court concludes that counsel's fee

request is reasonable and within the 25 percent statutory maximum allowed by Section 406(b).

In reaching this conclusion, the Court has considered several factors. First, Plaintiff agreed to a contingency fee arrangement with counsel for fees totaling 25 percent of any past due benefits award. Plaintiff's counsel contends that such contingent fee agreements are typical in Social Security cases and are almost always the payment method he agrees to when representing claimants in Social Security cases. In the Court's view, such contingency fee agreements are particularly beneficial for claimants because such agreements provide claimants denied benefits with access to highly competent legal representation in disputes with the Government.

Next, the Court places significant emphasis on the results achieved by counsel for his client and the difficulty of the case. Prior to counsel's representation of Plaintiff, Plaintiff spent six years attempting to obtain benefits from the Social Security Administration. Once counsel became involved in the case, he was able to efficiently obtain a beneficial result for Plaintiff. This is precisely the type of highly skilled and experienced attorney and favorable result that a contingent fee makes available to a claimant aggrieved by an agency decision. Further, the Court is certain that there are occasions in the practice of representing claimants where a 25 percent contingent

fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case.   Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

The Government requests the Court to assess substantial weight to counsel's typical hourly rate of $250.00 and suggests a rigid fee analysis based on this rate.   The Court is mindful of counsel's normal hourly rate and has not ignored the rate in the reasonableness analysis; however, the Court believes, in the circumstances of this case, it deserves less weight than the other factors discussed.   Hourly rates are dictated by the nature of the case and the ability of clients to afford counsel.   In the Court's view, these considerations rarely reflect the value of the services provided and the level of skill and competence of attorneys like Plaintiff's counsel, who has become highly skilled while amassing over 30 years of experience representing claimants denied social security benefits.   Certainly, if Plaintiff's counsel chose other practice areas in this Court, such as patent litigation or bankruptcy litigation, he could charge a much higher hourly rate.

In sum, the Court concludes that the fee requested by

counsel in this case is reasonable. Accordingly, the Court will grant the request for fees by Plaintiff's counsel.

## V. CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Petition for Attorney's Fees (D.I. 18) and award Plaintiff's counsel fees in the amount of $21,958.13.

An appropriate Order will be entered.